```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HELEN E. HENDERSON, et al.    :     CIVIL ACTION
                              :
     V.                       :
                              :
JUSTIN MATTHEWS, et al.       :     NO. 19-3040
```

MEMORANDUM

Bartle, J.                                              May 21, 2020

Plaintiffs Helen E. Henderson and Ramil H. Hughes have sued defendant Philadelphia Police Officers Justin Matthews, Marcus Baker, and former Philadelphia Police Officer Brandon Pinkston for violations of their rights under the First, Fourth, Eighth, and Fourteenth Amendments.  Among other claims, plaintiffs specifically allege excessive force, false arrest, violation of equal protection, and retaliation for complaining of police misconduct.[1]

Plaintiffs have now moved to compel defendants to provide responses to Plaintiffs' Fifth Request for Production of Documents Nos. 2 and 4 and Sixth Request for Production of Documents Nos. 1, 2, and 3:

> Fifth Request
>
> 2. Written complaints of excessive force against Defendants Baker, Pinkston,

---

1. The City of Philadelphia was also named as a defendant. The Court has dismissed the city for failure to state a claim upon which relief can be granted.  See Henderson, et al. v. Matthews, et al., Civil Action No. 19-3040 (E.D. Pa. April 29, 2020).

>    Matthews, Beyah, Miller, Smith, including statements, findings and action taken if any.
>
> 4. Internal Affairs Documents regarding the complaints of Helen Henderson for the February 10, 2018 incident.

Sixth Request

> 1. Personnel files of Defendants Matthews, Baker and Pinkston.
>
> 2. Internal Affairs files from the February 10, 2018 incident.
>
> 3. Files of all complaints of excessive force against Defendants Matthews, Baker and Pinkston.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, a party may serve a request within the scope of Rule 26(b) upon another party "to produce . . . [documents] in the responding party's possession, custody, or control." Control means that the party "has the legal right or ability to obtain the requested documents from another source upon demand." Mercy Catholic Med. Ctr. v. Thompson, 380 F.3d 142, 160 (3d Cir. 2004). Rule 26(b)(1) limits production to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."

The requests for production were served on defendants Justin Matthews and Marcus Baker only. Not surprisingly, they have specifically denied that they have Police Department Internal Affairs files which involve investigations of

-3-

complaints made against police officers.  Nor has it been shown that defendants Matthews and Baker have possession, custody, or control of their own personal files.

Accordingly, the motion of plaintiffs to compel responses from defendants Matthews and Baker to the Fifth Request for Production of Documents Nos. 2 and 4 and the Sixth Request for Production of Documents Nos. 1, 2, and 3 will be denied.