```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HELEN E. HENDERSON, et al.      :      CIVIL ACTION
                                :
     V.                         :
                                :
JUSTIN MATTHEWS, et al.         :      NO. 19-3040
```

MEMORANDUM

Bartle, J.                                          August 25, 2020

Plaintiffs, Helen E. Henderson and Ramil Hughes, have made claims of excessive force against several Philadelphia Police Officers under 42 U.S.C. § 1983 as a result of events that took place at the home of Helen E. Henderson on February 10, 2018.  In their Amended Complaint, plaintiffs also made claims of municipal liability against the City of Philadelphia under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).  On April 29, 2020, the court, explaining its reasons in detail, granted the City's motion to dismiss all claims against it.

Thereafter, the court permitted plaintiffs to move for leave to file a Second Amended Complaint against the City with the requirement that plaintiffs attach a copy of its proposed Second Amended Complaint to any motion.  Plaintiffs did so, and the City opposed the motion.

On August 18, 2020, before the court had ruled, plaintiffs' counsel filed a withdrawal of the Motion for Leave

to File a Second Amended Complaint.  In the withdrawal, counsel stated: "In its place, Plaintiff [sic] will file a Motion for Leave to File Second Amended Complaint (with changes and 2015 DOJ report attached)."  Now pending is plaintiffs' Motion for Leave to File Substituted Second Amended Complaint.

The attached 180-page document which plaintiffs describe as the 2015 DOJ Report is clearly not a report of the United States Department of Justice.[1]  The project which resulted in the report was simply supported by a cooperative agreement awarded by the Office of Community Oriented Policing Services of the Department of Justice to CNA Corp., a not-for-profit organization based in Arlington, Virginia, which is the technical assistance provider for the U.S. Department of Justice's Office of Community Oriented Policing Services' Collaborative Reform Initiative Technical Assistance program. Contrary to what plaintiffs' counsel would have the court believe, the report states:

> The opinions contained herein are those of
> the author(s) and do not necessarily
> represent the official position or policies
> of the U.S. Department of Justice.
> References to specific agencies, companies,
> products, or services should not be
> considered an endorsement by the author(s)
> or the U.S. Department of Justice. Rather,

---

1.   The report is entitled An Assessment of Deadly Force in the Philadelphia Police Department.

> the references are illustrations to
> supplement discussion of the issues.

Furthermore, the report concerns the period 2007 to 2013. The incident involved in this case took place on February 10, 2018. The court, in ruling on the pending motion, will not consider the report or any of it which plaintiffs' counsel has added to the text of the substituted Second Amended Complaint.

As in the Amended Complaint, plaintiffs assert in the substituted Second Amended Complaint that the City has maintained a myriad of customs, policies, and practices, that encourage the allowance and cover-up of excessive force by City Police Officers. The Monell claims, which now extend over some 26 pages, are clearly conclusory and at times appear to have no relevance to the claims against the individual defendants. The substituted pleading to the extent it makes any Monell claims is anything but a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a). In addition, counsel has improperly inserted into the substituted Second Amended Complaint his conclusory views about the deposition testimony of certain witnesses obtained during discovery. Plaintiffs' third attempt to state Monell claims again does not meet the required pleading standards under the federal rules or as explained by the Supreme Court. For the reasons stated herein and in the court's April 29, 2020

-4-

Memorandum (Doc. # 31), the plaintiffs have not stated plausible Monell claims against the City of Philadelphia.

Accordingly, the Motion of Plaintiffs for Leave to File Substituted Second Amended Complaint will be denied.  As a result, plaintiffs' operative pleading is the Amended Complaint without the previously dismissed Monell claims.