```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HELEN E. HENDERSON, et al.     :     CIVIL ACTION
                               :
     v.                        :
                               :
JUSTIN MATTHEWS, et al.        :     NO. 19-3040
```

MEMORANDUM

Bartle, J.                                          November 4, 2020

Plaintiffs Helen Henderson and her son, Ramil Hughes, bring this action under 42 U.S.C. § 1983 against Philadelphia Police Officers Justin Matthews, Marcus Baker, and former Philadelphia Police Officer Brandon Pinkston ("defendants"). Plaintiffs allege, among other claims: (1) First Amendment retaliation for complaining of police misconduct; (2) equal protection violation (selective treatment); (3) excessive force in violation of the Fourth Amendment; and (4) false arrest. The false arrest claim relates to Hughes's second arrest on February 10, 2018. He does not challenge his first arrest.

Discovery is now completed, and parties have fully briefed their motions for summary judgment. We address here the recent motion of plaintiffs to amend their complaint to allege that it was defendant Pinkston and not defendant Baker who falsely arrested Hughes the second time.

I

Plaintiffs first filed their complaint against defendants on July 12, 2019. A few months later, during his deposition on December 19, 2019, Ramil Hughes testified that when he was handcuffed a second time, the officer who handcuffed him was "the other African American officer. It wasn't Pinkston this time." Subsequently, plaintiffs filed an amended complaint on February 13, 2020, which added a false arrest claim against defendant Baker. It stated in relevant part:

> Defendant Baker arrested and handcuffed Plaintiff Hughes for a substantial period of time the second time he was handcuffed February 10, 2018 without probable cause or due to needs of investigation safety or any other legitimate law enforcement interest.

See Doc. # 18.[1]

On July 1, 2020, plaintiffs filed a motion for leave to file another amended complaint in which they continued to allege that Baker arrested Hughes the second time. The court denied plaintiffs' motion for leave to file a second amended complaint on August 25, 2020 for reasons that had nothing to do with the allegations against Baker. See Doc. # 75.

Discovery proceeded and plaintiffs filed a partial motion for summary judgment on September 11, 2020, and defendants filed their motion for summary judgment on September

---

[1] The original complaint did not include a false arrest claim against any of the defendants.

2

14, 2020. In their motion for partial summary judgment, plaintiffs reiterated that Baker arrested Hughes the second time.

Nevertheless, on October 2, 2020, Hughes submitted a signed affidavit dated October 1, 2020 as an exhibit to plaintiffs' response to defendants' motion for summary judgment. In that affidavit, he swore, "Pinkston later handcuffed me a second time." Hughes provided no explanation for this sudden change refuting his allegations against Baker. On October 29, 2020, Hughes submitted another affidavit dated October 21, 2020, this time stating that his previous recollection at his deposition that "it wasn't Pinkston" who arrested him the second time, "was a mistake" and that "now [he] want[s] to tell the truth."

Plaintiffs argue that they should be permitted leave to amend the complaint because the claim against Pinkston "relates back" to the original pleading and that evidence other than the Hughes affidavit exists in the record to show that Pinkston falsely arrested Hughes when he was arrested the second time. Furthermore, plaintiffs contend that since defendants did not "proffer[] affidavits to state" that Pinkston did not arrest Hughes the second time, somehow "these are thus undisputed facts." Defendants counter that a false arrest claim against Pinkston is time barred, that no evidence exists outside of the

3

Hughes affidavit, and that permitting such an amendment at this time would prejudice Pinkston and constitutes undue delay.

II

Claims brought pursuant to § 1983 are governed by the statute of limitations applicable to state personal injury actions. See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Under Pennsylvania law, the statute of limitations for these types of claims is two years. See 42 Pa. C.S.A. § 5524. It is well established that the statute of limitations for any claim begins to run from the time the plaintiff knew or reasonably should have known the cause of his injury. Bayless v. Philadelphia National League Club, 579 F.2d 37 (3d. Cir. 1978). The statute of limitations also applies to "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct." 42 Pa. C.S.A. § 5524(7).

Under Rule 15(c)(1)(B) and (C) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is

4

> asserted, if Rule 15(c)(1)(B) is satisfied
> and if . . . the party to be brought in by
> amendment:
>
>> (i) received such notice of the action
>> that it will not be prejudiced in
>> defending on the merits.

As our Court of Appeals explained in Shane v. Fauver, "[a]mong grounds that could justify denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." 213 F.3d 113, 115 (3d Cir. 2000).

III

Here, the events giving rise to the alleged § 1983 violations, namely the alleged second arrest, occurred on February 10, 2018. The statute of limitations for this claim expired on February 10, 2020. Hughes first claimed that Pinkston arrested him through a sworn affidavit dated October 1, 2020. This is more than seven months after the statute of limitations expired.

To support relation back, plaintiffs argue that other evidence exists in the record to show that Pinkston arrested Hughes the second time. This argument is without merit. Plaintiffs contend that Eric Miller, a Philadelphia Police Officer, testified during his deposition that Pinkston arrested Hughes. According to plaintiffs, "in the very least" Miller's testimony is "ambiguous whether this refers to the first or

5

second handcuffing." Plaintiffs' reading of Miller's testimony is inaccurate. Miller stated, in relevant part:

> A. [Hughes] came outside screaming. He was upset that his girlfriend was hurt. He had some blood on him. We didn't know what was going on so we placed him in cuffs and put him inside my car.
>
> Q. Do you know the name of the officer who [handcuffed Hughes]?
>
> A. Smith, and I think Pinkston did.

Plaintiffs claim that an ambiguity exists since Miller did not "state specifically whether this was the first or second handcuffing." Contextual evidence and surrounding testimony clearly establish that Miller was describing Hughes's first arrest. It is undisputed that when the officers first arrived at the scene, they found Hughes distraught and covered in blood. It is also undisputed that as a result officers placed Hughes in handcuffs while they investigated what was happening. Furthermore, when directly asked about Hughes's alleged second arrest, Miller testified, in relevant part:

> A. So we put him in cuffs, put him in the car until he calmed down. Then when he calmed down, I think my sergeant spoke to him. We took him out of cuffs and we transported him to Southwest Detectives.
>
> Q. Did he go there willingly?
>
> A. Yes.

6

Simply put, plaintiffs have not presented the court with any citation to the record that Pinkston falsely arrested Hughes the second time, other than Hughes's belated affidavit.

Plaintiffs have simply not met the standard set forth under Rule 15 of the Federal Rules of Civil Procedure so as to allow the proposed amendment to relate back to the date of the original complaint. The operative complaint in this matter alleges that Baker arrested Hughes the second time. Pinkston was not given a fair notice of such allegations against him until October 2, 2020, in the middle of summary judgment briefing. He did not have the opportunity to defend himself or conduct discovery regarding the false arrest claim. Allowing such an amendment will alter the material facts at the summary judgment stage and will clearly prejudice Pinkston. The filing of an eleventh-hour affidavit alleging it was Pinkston and not Baker who arrested Hughes the second time also clearly constitutes undue delay. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). As a result, there is no relation back, and the claim against Pinkston is time barred.

Plaintiffs had numerous opportunities to amend their complaint to name Pinkston as the officer who arrested Hughes the second time. Twelve depositions were taken in this matter and discovery lasted from November 1, 2019 to July 31, 2020. At no point during discovery, or before dispositive motions were

7

filed, did Hughes seek to name Pinkston as the officer making the false arrest.  Plaintiffs fall way short in attempting to meet the relation back requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Accordingly, the motion of plaintiffs for leave to file a second amended complaint will be denied.