```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HELEN E. HENDERSON              :       CIVIL ACTION
                                :
     v.                         :
                                :
OFFICERS MATTHEWS, et al.       :       NO. 19-3040
```

MEMORANDUM

Bartle, J.                                              June 16, 2021

      Plaintiff Helen Henderson brings this action against Philadelphia Police Officers Justin Matthews and Brandon Pinkston under 42 U.S.C. § 1983 for use of excessive force against her in February 2018.  Defendants seek to exclude at trial the arrest and nolo contendere plea of defendant Pinkston for use of terroristic threats with intent to terrorize another in an unrelated incident over a year later.

      Defendants rely on Rule 410(2) of the Federal Rules of Evidence which provides that a nolo contendere plea is not admissible against the defendant who made the plea.  Such a plea is not an admission of guilt.  However, there are limited circumstances, not relevant here, when such evidence is admissible.  See Sharif v. Picone, 740 F.3d 263 (3d Cir. 2014).

      Significantly, Rule 410(2) does not preclude the introduction into evidence of a conviction based on a nolo contendere plea.  Sharif, 740 F.3d at 271.  The admission

of the conviction is subject to Rules 403 and 609 of the Federal Rules of Evidence.

Pinkston entered a plea of nolo contendere on January 14, 2021 in the Court of Common Pleas of Philadelphia County to the charge of terroristic threats with the intent to terrorize another in violation of 18 P.S. § 2706. The court placed him on probation for 17 months without rendering a verdict. Nonetheless, he was assessed and has paid $459.75 for various costs and fees. Under Pennsylvania law, a court may under certain circumstances place a person on probation without a verdict if the person pleads nolo contendere to a non-violent offense and the person is a "drug dependent." Upon fulfillment of the terms and conditions of probation, the court may dismiss the proceedings without an adjudication of guilt. The dismissal under the statute shall not constitute a conviction. See 35 P.S. § 780-117; Kearney v. Bureau of Prof'l and Occupational Affairs, 172 A.3d 127 (Pa. Commw. Ct. 2019).

Plaintiff here agrees with defendants that Pinkston's nolo contendere plea is not admissible under Rule 410(2). She argues, however, that this does not preclude the admission at trial of any conviction for use of terroristic threats. Plaintiff is correct.

Pinkston is currently serving his probation. Whether he will successfully adhere to the terms of his probation

remains to be seen.  At this point there is no conviction to admit.  If there is a conviction by the time of the trial in this pending civil action, any admission must be based on the considerations outlined in Rules 403 and 609.  Sharif, 740 F.3d at 272; United States v. Greenridge, 495 F.3d 85, 97 (3d Cir. 2007).  The admission of a conviction, if any, must await another day.